# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9422 | **DATE** | 11/16/2004 |
| **CASE TITLE** | | Patel vs. Salvation Army | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion, the Court hereby grants defendant's motion for summary judgment in its entirety. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 17 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 20 |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| AAROH PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 9422 |
| | ) | |
| | ) | |
| THE SALVATION ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**

NOV 17 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant The Salvation Army's ("SA")
motion for summary judgment. For the reasons stated below, we grant the motion
for summary judgment in its entirety.

## BACKGROUND

Plaintiff Aaroh Patel ("Patel") began working for SA in May of 1979. He
worked in various positions for SA until he retired in December of 2000. In January
of 2001 SA rehired Patel to act as Director of Financial Operations for the Adult
Rehabilitation Center Command ("Command"). Command provides rehabilitation
services to men seeking to recover from addiction to alcohol or drugs. Patel's task

1

2D

as Director was to oversee the financial system and accounting processes for Command. In August of 2002 SA hired Ernst & Young, LLP ("Ernst") to review and audit the financial records and accounting processes of Command and to suggest improvements. Ernst reviewed the Command records at the end of 2002. In January of 2003, SA claims that it asked Ernst to continue its review of SA records and to help implement suggested improvements in accounting and record keeping. According to SA, Ernst reported that Patel was not using generally accepted accounting methods. SA also claims that Patel openly criticized the Ernst report and Patel resisted implementing Ernst's suggestions and refused to cooperate with Ernst. According to SA, Ernst indicated that the financial records were irreconcilable and Ernst refused to certify the records. SA claims that Ernst also recommended that SA take all responsibility for record-keeping and accounting matters away from Patel.

According to SA, based on the communications from Ernst, SA decided to terminate Patel's employment. SA claims that Major Riches of SA met with Patel and asked him to resign and sign a release. According to SA, when Patel refused to resign, he was fired on June 27, 2003.

After Patel's termination SA claims that it hired Ernst to find a candidate to fill Patel's former position. Ernst interviewed candidates and recommended that SA hire Corina Boyd ("Boyd"). SA accepted the recommendation and hired Boyd in June of 2003. In December of 2003 Patel brought the instant action alleging

discrimination because of his religion and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Patel also included in the complaint a hostile work environment claim and a Title VII retaliation claim.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp,* 475 U.S. 574, 586 (1986).

Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. Race and Religious Discrimination Claims

SA moves for summary judgment on the race and religious discrimination claims. If an employer in a Title VII discrimination case brings a motion for summary judgment, the plaintiff can proceed under the direct or indirect method of proof in order to defeat the motion. *Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998). Under the direct approach, the plaintiff can show through direct or circumstantial evidence that the alleged harmful action of the employer was "motivated by an impermissible purpose, such as [his] race or national origin." *Id.* Under the indirect approach the plaintiff must establish a *prima facie* case which will allow an inference of discrimination. *Id.* To establish a *prima facie* case of discrimination a plaintiff must show: "(1) that [h]e was a member of a protected

4

class; (2) that [h]e was performing h[is] job satisfactorily; (3) that [h]e experienced an adverse employment action; and (4) that similarly situated individuals were treated more favorably." *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002).

If a *prima facie* case is established then there is a rebuttable presumption of discrimination and the employer is required to offer a "legitimate, non-discriminatory reason for the adverse employment action." *Cianci v. Pettibone Corp.*, 152 F.3d 723, 726 (7th Cir. 1998). If the employer provides such a reason, the plaintiff must then show that the reason alleged by the employer is merely a pretext for discrimination. *Id.*

Patel has not pointed to sufficient evidence to proceed under the direct method of proof and will therefore need to proceed under the indirect method of proof. In regards to both the race discrimination claim and the religious discrimination claim SA concedes that Patel is a member of a protected class. However, SA argues that Patel has not pointed to sufficient evidence that he was performing his job satisfactorily and has not pointed to sufficient evidence that similarly situated employees outside the protected class were treated differently.

A. Work Performance

There is ample evidence that is uncontested by Patel that indicates that Patel was not performing his job satisfactorily. Pursuant to Local Rule 56.1, when a party files a motion for summary judgment each party must prepare a statement of material

facts and each party is required to respond to the opposing party's statement of material facts and either admit or deny each fact. A denial is improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence. *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000)(stating in addition that "[t]he purpose of the 56.1 statement is to identify for the Court the evidence supporting a party's factual assertions in an organized manner: it is not intended as a forum for factual or legal argument.").

Pursuant to Rule 56.1 any facts included in a party's statement of facts that are not properly denied by the opposing party are deemed to be admitted. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1. *See also Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003)(indicating that evasive denials that do not directly oppose an assertion are improper and thus the contested fact is deemed to be admitted pursuant to Local Rule 56.1). A court is not "obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920, 922 (7ᵗʰ Cir. 1994)(stating in addition that a local rule pertaining to summary judgment "is more than a technicality"). Further, the 7th Circuit has stated that "a district court is entitled to expect strict compliance with Rule 56.1." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating in addition that "[s]ubstantial

compliance is not strict compliance.").

In regards to a series of facts asserted by SA in its Local Rule 56.1 statement of material facts, Patel improperly attempts to engage in a dialogue on certain issues and offers arguments in his responses to the facts. Patel does not offer either an admission or denial in regards to several facts asserted by SA. Instead, in response to certain facts Patel improperly offers qualifying statements and round about explanations. Therefore, since Patel did not unequivocally deny the facts, they are deemed admitted pursuant to Local Rule 56.1.

For example, SA asserts that the report prepared by Ernst was "critical of the ARC Command's accounting processes." (SF 15). Patel does not deny this fact. ( R SF 15). SA also contends that Ernst reported that "Patel was not using generally accepted accounting methods to do his job," (SF 16), and that Patel informed Ernst that Patel "had his 'own system' of accounting, that [Patel] refused to cooperate with them, that he resisted their suggestions, and that he resisted following generally accepted accounting methods." (SF 17). Patel does not deny these facts. In fact he attempts to offer a combined explanation in regards to both statement of facts number 16 and 17 and thus, by the mere fact that he failed to specifically address the facts individually as is required under Local Rule 56.1 they are deemed admitted. Also, Patel's response in regards to both facts is evasive and Patel fails to unequivocally deny any of the facts as is required pursuant to Local Rule 56.1. ( R SF 16, 17). SA also contends that "Patel did not agree with Ernst & Young LLP's

recommendations and he openly criticized their conclusion." (SF 18). Patel does not deny this fact and instead attempts to engage in a dialogue regarding a particular discussion and whether or not the criticism was open. ( R SF 18). Thus, Patel admits that Ernst concluded that Patel's accounting system did not follow generally accepted accounting methods, and Patel admits that Ernst was hired by SA to implement its suggestions and that Patel refused to cooperate with Ernst and criticized Ernst.

We note that Patel argues that he worked for SA for twenty three years and that "Patel was terminated from his employment after years of faithful service to [SA]." (Ans. 5). However, the pertinent issue for the indirect method analysis is whether or not Patel was performing his job satisfactorily at the time of the alleged discrimination. *See Brummett v. Lee Enterprises, Inc.*, 284 F.3d 742, 745 (7th Cir. 2002)(explaining that the plaintiff needed to demonstrate that he was performing his job satisfactorily "at the time of his termination."); . Whether or not Patel had a good work history with SA for twenty three years before he was rehired and placed in the Director position and in charge of the accounting for Command is not pertinent for the *prima facie* case analysis of the work performance element. Patel also argues that he did not "receive any discipline for his alleged bad conduct nor, improper accounting procedures under general Accepted Accounting Principles." (Ans. 4). Whether or not Patel received discipline for other "bad conduct" does not impact the evidence of misconduct already presented by SA that shows that Patel

8

was not performing his job satisfactorily. Also, in regards to discipline for utilizing improper accounting methods, after Ernst revealed to SA that there were major problems with Patel's performance, SA did discipline Patel. It was for that reason that Patel's employment was terminated. Therefore, no reasonable trier of fact could find that Patel was performing his job properly.

## B. Similarly Situated Employees

SA contends that, in regards to the race discrimination claim and the religious discrimination claim, Patel has failed to point to a similarly situated employee outside the protected class that was treated more favorably than Patel. An employee is similarly situated if the employee "is one who is 'directly comparable to [the plaintiff] in all material respects.'" *Rogers v. City of Chicago*, 320 F.3d 748, 755 (7th Cir. 2003)(quoting *Grayson v. O'Neill*, 308 F.3d 808, 819 (7th Cir. 2002)). Patel has utterly failed to point to any employee that is comparable to him or any employee that was treated differently than Patel. Patel claims that SA discriminated against Patel because he is "of the Hindu Religion." (Compl. Par. 6). However, Patel has failed to point to another employee not of Hindu Religion that was directly comparable to Patel, but was treated differently. Patel also claims that SA discriminated against him because he is of Asian descent. (Compl. Par. 6). However, Patel has not pointed to any employees that were not of Asian Descent that were comparable to Patel and were treated differently.

Patel's only argument in his answer brief in regards to the similarly situated employee element is one incoherent sentence that consisted of the following: "Patel has provided an affidavit of his showing that Caucasian employees terminated with different termination procedures and subsequently was replaced by a Caucasian person which Army had admitted to in its pleadings." (Ans. 5). There is no citation to the affidavit referred to by Patel and Patel cannot avoid his requirement of pointing to similarly situated employees by making vague references in the abstract to "Caucasian employees." In regards to Boyd, who replaced Patel, there are no allegations regarding alleged misconduct by Boyd or SA's treatment of her for misconduct that would suffice under the indirect method of proof.

## C. Legitimate Reason and Pretext

We also note that even if Patel were able to establish a *prima facie* case, SA has presented a legitimate non-discriminatory reason for Patel's termination and Patel has not shown that the given reason was a pretext for discrimination. SA claims that Ernst revealed that there were major problems with the accounting that Patel was charged with overseeing as Director. SA also claims that even after Ernst discovered and reported the accounting problems, and Ernst was hired to implement its suggested improvements, Patel criticized Ernst and refused to cooperate with Ernst because Patel had his own way of doing the accounting. Patel denies that SA has provided a legitimate non-discriminatory reason for his termination. However,

in making such an argument, Patel misunderstands the burden-shifting method, because Patel is only able to make his argument by arguing his view of the facts and by contesting the validity of SA's given reason and contending that SA has not pointed to sufficient evidence that the reason is true. (Ans. 5-6). Such arguments are properly raised in regards to the pretext analysis. *See Hudson v. Chicago Transit Auth.*, 375 F.3d 552, 562 (7th Cir. 2004)(explaining that "the ultimate burden of persuasion always remains on the plaintiff to show that the employer intentionally discriminated against the plaintiff. . . . [and that] [t]he *McDonnell Douglas* test merely shifts the burden of production to the employer to produce evidence of non-discriminatory reasons for the challenged conduct.").

In order to establish that a given reason is a pretext a plaintiff must show "more than a mistake on the part of the employer. . . ." *Hudson*, 375 F.3d at 561. The plaintiff must show that the given reason "is a phony excuse." *Id.* The plaintiff must show that "the ostensible reason for the employment decision is really a lie contrived to mask unlawful discrimination." *Little v. Illinois Dept. of Revenue*, 369 F.3d 1007, 1012 (7th Cir. 2004). The Seventh Circuit has made it clear that "even if the business decision was ill-considered or unreasonable, provided that the decision maker honestly believed the nondiscriminatory reason he gave for the action, pretext does not exist." *Id.*

In regards to pretext, Patel first argues that he "can show that his removal and subsequent discharge was a pretext for age discrimination." (Ans. 6). However,

there are no allegations of age discrimination presented in the complaint. Patel also argues that there were no disciplinary actions taken against Patel. However, there was no reason for SA to discipline Patel until it received the report from Ernst. Patel also characterizes declarations provided by SA as "cover-up declarations." (Ans. 8). However, Patel fails to elaborate on such a bold assertion and Patel must offer more than unfounded name-calling to avoid summary judgment. In fact, Patel has offered nothing more than conjecture in support of his pretext position. Patel states, for example, that "[i]t would seem that the statements of Respondent are suspect." (Ans. 8). Such speculation is not sufficient to show a pretext. Patel asks that this court simply "infer that unlawful discrimination was the true motivation." (Ans. 9). Patel even refers repeatedly to his belief that SA intended to unlawfully discriminate against him as a "gut feeling." (Ans. 2, 10). However, as is explained above, in regards to pretext, Patel must offer sufficient evidence that SA's given reason is a lie. Patel has failed to do so. Patel states that "[t]his is a classic case for determining the credibility of the parties, allowing the trier of fact to listen to the witnesses and in so doing, be able to see the pretext and cover-up being portrayed by the Army and its' [sic] employees." (Ans. 11). However, Patel has failed to point to sufficient evidence to support his claims and he is not allowed to proceed onward to the trier of fact and ask them to speculate, in the absence of sufficient evidence, that there was unlawful discrimination.

Patel also expressly states he has "[n]o opposition to paragraph 33" of SA's

statement of facts and Patel thereby admits the truth of paragraph 33 which states that "[n]o one at the Salivation Army ever made a disparaging remark about or ever discussed Patel's religion or his race." ( R SF 33).  We also note that the admission by Patel that he retired after twenty-three years of service and was then rehired for the Director position is not consistent with Patel's assertion that there was a hidden animus against him because of his religion and his race.  If there were such an animus, SA had no logical reason to re-hire Patel.  Therefore, we grant SA's motion for summary judgment on the race and religious discrimination claims.


## II. Retaliation, Hostile Work Environment, and Additional Discrimination Claims

SA argues that Patel's retaliation claim, hostile work environment claim, and new discrimination claims are time-barred.  A plaintiff can only bring Title VII claims in district court that "were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Haugerud v. Amery School Dist.*, 259 F.3d 678, 689 (7th Cir. 2001)(quoting *McKenzie v. Ill. Dep't. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996)).  The Seventh Circuit has stated that the "EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Id.* (explaining that the requiring a plaintiff to first bring his claims with the EEOC "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation and persuasion, and of giving the

employer some warning of the conduct about which the employee is aggrieved.").

In Patel's answer to the instant motion and in his response to the above argument Patel does not contend that the retaliation claim, the hostile work environment claim, or the new discrimination claims fall within the scope of the EEOC charge or that they are related to or grow out of the charge. Patel also admits pursuant to Local Rule 56.1 that his "charge of discrimination is limited to his allegation that he was discharged because of his religion and race." ( R SF 31). Instead of arguing that the new claims fall within the scope of his EEOC charge, Patel argues that the claims may be introduced under the continuing violations doctrine. Patel cites *Selan v. Kiley*, 969 F.2d 560 (7th Cir. 1992) to support its continuing violation argument. However, as the court made clear in *Selan* the continuing violation doctrine merely allows a plaintiff for equitable reasons to reach back before the statute of limitations period and refer to allegations to support a discrimination claim. *Id.* at 564-66. The court in *Selan* did not state that a plaintiff could reach back before the statute of limitations period to bring in new claims such as a retaliation claim or a hostile work environment claim.

In *Selan* the court listed three instances when the continuous violations doctrine is applicable. *Id.* at 565. One instance is when there were "hiring or promotion practices, where the employer's decision-making process takes place over a period of time, making it difficult to pinpoint the exact day the 'violation' occurred." *Id.* Patel has not asserted that his hiring or a lack of promotion is the

14

basis for his claim. Neither has he pointed to any evidence that indicates that SA's decision-making process took place over a long period of time, thereby preventing Patel from filing a retaliation or harassment charge in a timely fashion.

Another instance indicated in *Selan* where the continuous violations doctrine is applicable is when "the employer has an express, openly espoused policy that is alleged to be discriminatory." *Id.* Patel has not even alleged much less pointed to evidence that shows that SA has an express openly espoused policy that condones or encourages unlawful retaliation or a hostile work environment. The third instance that the court in *Selan* referred to in regards to the continuing violations doctrine is when "the plaintiff charges that the employer has, for a period of time, followed a practice of discrimination, but has done so covertly, rather than by way of an open notorious policy . . .[and][i]n such cases the challenged practice is evidenced only by a series of discrete, allegedly discriminatory, acts." *Id.* However, in the case before us there is no indication that Patel suffered gradual discrimination or retaliation or harassment during his employment and that it progressed in such a slow manner that he did not realize that there was unlawful discrimination until later on during his employment. Nor is there any indication of covert acts taken against Patel. To the contrary, in this action Patel contends that he was terminated and after he was terminated he filed a discrimination complaint. Patel has not pointed to any evidence that would indicate a series of retaliation or harassment that would warrant the applicability of the continuing violations doctrine. Patel has not shown any

reason why the statute of limitations period should be tolled for equitable reasons or under the continuing violation doctrine. Patel did not raise the retaliation allegations or hostile work environment allegations in his EEOC charge and therefore, we find that he is barred from raising them for the first time in this action.

## A. Retaliation Claim

We also note that even if Patel had included the retaliation claim in his EEOC charge, he could not avoid summary judgment on the retaliation claim. A plaintiff can establish a prima facie case for retaliation under the direct or indirect method of proof. *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003). Patel has not presented evidence sufficient to proceed under the direct method and will need to proceed under the indirect method of proof. A plaintiff can establish a prima facie case under the indirect method by showing that: 1) he engaged in protected activity, 2) his job performance met the legitimate expectations of his employer, 3) his employer took a materially adverse employment action against him, and 4) he was treated less favorably than similarly situated employees that did not engage in the protected activity. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002)(citing *Stone v. City of Indianapolis Pub. Utils. Div. Div*, 281 F.3d 640, 644 (7th Cir. 2002)). If a plaintiff establishes a prima facie case then the burden shifts to the defendant to produce a legitimate non-discriminatory reason and if one is produced, the burden shifts back to the plaintiff to show that the given reason is a

pretext for discrimination. *Id.*

As indicated above, Patel has not pointed to sufficient evidence that he was meeting SA's legitimate expectations at the time of his termination. Neither has Patel alleged any action by SA that would constitute an adverse employment action that was taken against Patel in retaliation for filing any charges or complaining about discrimination. Patel has failed to point to a similarly situated employee outside the protective class that was treated differently. Also, SA has provided legitimate non-discriminatory reasons for its employment actions and Patel has failed to show that the reasons given by SA were a pretext for retaliation. Therefore, we grant the motion for summary judgment on the retaliation claim.

### B. Hostile Work Environment Claim

We also note that even if Patel had included the hostile work environment claim in his EEOC charge, he could not avoid summary judgment on the hostile work environment claim. Under Title VII an employer is prohibited from maintaining a workplace that is permeated with "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)(quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65-67 (1986)). Factors considered in determining whether

there is a hostile work environment include: 1) the "frequency of discriminatory conduct," 2) "its severity," 3) whether conduct is "physically threatening or humiliating" or merely offensive, 4) whether conduct "unreasonably interferes with [the plaintiff's] work performance," and 5) the "social context in which events occurred." *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 463 (7th Cir. 2002).

Patel has failed to point to evidence that would warrant a hostile work environment. Patel cannot rely on his conclusory allegation that he was subjected to a "hostile work environment" at work. (Compl. Par. 10). Patel's contends that he was criticized by his superiors because he was not paying bills on time and was not turning in reports on time. However, not only are such allegations insufficient to create a hostile work environment, Patel fails to connect the alleged actions in any way to his race or religion. Therefore, we grant the motion for summary judgment on the hostile work environment claim.


## C. Discrimination in Termination Process

Patel first complains that he was discriminated against in regards to his termination process in his complaint. For the reasons stated above, this claim is dismissed because it was not raised in the EEOC charge. Also, as indicated above Patel has not pointed to sufficient evidence that he was performing his job satisfactorily. In addition, in regards to the process discrimination claim Patel makes vague references to a "white Caucasian" employee and an employee that is "from

18

India." (Compl. par. 15). SA contends that the individuals being referred to by Patel are Randy Schauer ("Schauer") and David Sangran ("Sangran") and Patel does not dispute this conclusion in his answer. Also, Patel has failed to show that Schauer or Sangran were comparable to Patel in all material respects. In fact, Patel admits pursuant to Local Rule 56.1 that he was the supervisor for both Sangran and Schuer. ( R SF 47). Patel has also failed to show that either of the two were treated differently than Patel. In addition, for the reasons explained above Patel has not pointed to sufficient evidence that the given reason by SA was a pretext.

### D. Hiring and Interviewing Claims

SA also argues that Patel's claims of discrimination based on the allegations that he was not permitted to hire employees to replace those he fired, and he was not permitted to interview candidates for vacancies. First of all, Patel failed to raise these claims in his EEOC charge and we dismiss them on that basis. We note that even if Patel raised the claims in his EEOC charge, he failed to raise them in his complaint and, since he has not sought leave to amend his complaint, he could not proceed on those claims regardless. Also, as indicated above Patel has not pointed to sufficient evidence that he was performing his job satisfactorily. In addition, Patel has failed to identify similarly situated employees, much less that similarly situated employees were treated differently than Patel. In regards to the refusal to allow Patel to hire and interview certain individuals, Patel fails to allege an employment

19

action that would constitute an adverse employment action. Also, for the reasons explained above, Patel has failed to show that the give reason for SA's actions is a pretext. Finally Patel admits that he "has no evidence other than a 'gut feeling' that he was excluded from the interview process because of his race and religion." ( R SF 43).

## CONCLUSION

Based on the foregoing analysis, we grant SA's motion for summary judgment in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:  November 16, 2004